```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND
```

|  |  |
|---|---|
| CHOICE HOTELS <br>   INTERNATIONAL, INC. | : <br> : |
|     v. | :   Civil Action No. DKC 2006-0645 |
| EARA, LLC, *ET AL.* | : <br> : |

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this breach of contract case is the motion by Plaintiff Choice Hotels International, Inc. for default judgment. (Paper 8). The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Plaintiff's motion will be granted.

**I. Introduction**

Pursuant to their franchise agreement, Choice Hotels filed a claim against Defendants with JAMS (Judicial Arbitration and Mediation Services) in September 2004, seeking damages sustained by Defendants' violation of the agreement. (Paper 1, Ex. 1 & 2). The JAMS arbitration award disposed of all claims and awarded Choice Hotels $144,000 for damages for lost profits, $900 for attorney's fees, and $6,891.53 for arbitration fees and expenses, totaling $151,791.53. (Paper 1, Ex. 2). In March 2006, Plaintiff filed with this court an application to confirm the arbitration award. (Paper 1).

A default was entered against Defendant EARA, L.L.C. on July 5, 2006, (paper 5), and against Defendant Rodney Anderson on October 20, 2006, (paper 9), for failure to plead or otherwise defend this suit.  Plaintiff now moves this court to enter judgment by default against Defendants in the amount of $151,791.53, plus post-judgment interest and costs.

**II.  Analysis**

Pursuant to Fed.R.Civ.P. 55(b)(1), a default judgment will be entered in favor of a plaintiff upon motion and submission of an affidavit of the amount due "if the defendant has been defaulted for failure to appear and is not an infant or incompetent person." Upon default, the well-pled allegations in a complaint as to liability are taken as true, although the allegations as to damages are not.  *See In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004); *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2nd Cir. 1999); *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983).  If the damages are ascertained, determined, and fixed, "or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits," a hearing on damages is not mandated.  *Dundee Cement Co.*, 722 F.2d at 1323.

Here, the factual allegations support Plaintiff's claim for $151,791.53 and it has submitted the requisite affidavit and

support for this claim.  The amount of damages in an arbitration award is presumptively correct.

> Review of an arbitrator's award is severely circumscribed.  Indeed, the scope of review of an arbitrator's valuation decision is among the narrowest known at law because to allow full scrutiny of such awards would frustrate the purpose of having arbitration at all-the quick resolution of disputes and the avoidance of the expense and delay associated with litigation.

*Apex Plumbing Supply v. U.S. Supply Co., Inc.*, 142 F.3d 188, 193 (4th Cir. 1998) (footnote omitted).

### III.  Conclusion

For the foregoing reasons, judgment will be entered in favor of Plaintiff and against Defendants confirming the arbitration award.  A separate Order will follow.

                                                            /s/
                                      DEBORAH K. CHASANOW
                                      United States District Judge